# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| COURTNEY GOLDIN, | \* | No. 10-711V |
| | \* | |
| Petitioner, | \* | Special Master Moran |
| | \* | |
| v. | \* | Filed: May 1, 2105 |
| | \* | |
| SECRETARY OF HEALTH | \* | Attorneys' fees and costs; award |
| AND HUMAN SERVICES, | \* | in the amount to which |
| | \* | respondent does not object. |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Ronald C. Homer, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for Petitioner;
Justine Daigneault, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION ON FEES AND COSTS[1]

On May 1, 2015, respondent filed a stipulation of fact concerning final attorneys' fees and costs in the above-captioned matter. Previously, on April 2, 2015, petitioner filed a motion for attorneys' fees and costs ("application"). Upon review of petitioner's application, respondent raised objections to certain items. Based on subsequent discussions, petitioner amended her application to request $76,809.42, an amount to which respondent does not object. The Court awards this amount.

On October 19, 2010, Courtney Goldin filed a petition for compensation alleging that the human papillomavirus ("HPV") vaccine, which she received on December 18, 2007, caused her to suffer from acute disseminated encephalomyelitis ("ADEM"). Petitioner received compensation based upon the

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

parties' stipulation.  <u>Decision</u>, issued Nov. 21, 2014.  Because petitioner received compensation, she is entitled to an award of attorneys' fees and costs.  42 U.S.C. § 300aa-15(e).

Petitioner seeks a total of **$76,809.42**, in attorneys' fees and costs for her counsel.  Additionally, in compliance with General Order No. 9, petitioner states that she incurred no out-of-pocket litigation expenses while pursuing this claim.  Respondent has no objection to the amount requested for attorneys' fees and costs.

After reviewing the request, the Court awards the following:

a. **$14,058.81 in the form of a check payable jointly to petitioner and petitioner's former counsel, Lawrence R. Cohan for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e); and**

b. **$14,730.15 in the form of a check payable jointly to petitioner and petitioner's former counsel, Anne C. Toale for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e); and**

c. **$48,020.46 in the form of a check payable jointly to petitioner and petitioner's undersigned counsel, Ronald C. Homer for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

The Court thanks the parties for their cooperative efforts in resolving this matter.  The Clerk shall enter judgment accordingly.

Any questions may be directed to my law clerk, Mary Holmes, at (202) 357-6360.

**IT IS SO ORDERED.**

s/Christian J. Moran<br>
Christian J. Moran<br>
Special Master